UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAXIMILIAAN UNGER,
Plaintiff,

v.

MORRIS + D'ANGELO, et al.,
Defendants.

Case No. 23-cv-03284-JSC

**ORDER RE: MOTION TO ENFORCE JUDGMENT**

Re: Dkt. Nos. 105, 112

The Court entered final judgment in Plaintiff's favor in the amount of $3,600,000.00 against Defendant and judgment debtor Patrick D'Angelo ("D'Angelo"). (Dkt. No. 100.) To satisfy this judgment, Plaintiff seeks an order pursuant to California Code of Civil Procedure § 708.510 to compel D'Angelo to (1) assign to Plaintiff the relevant deeds of trust, along with any associated notes and loan documents, including the rights to receive payment under any associated notes and loans; and (2) disclose all notes and loan documents associated with the relevant deeds of trust. (Dkt. No. 105 at 2.) Plaintiff also seeks to file a supplemental submission in support of jurisdiction. (Dkt. No. 112.) D'Angelo has not responded to Plaintiff's motions. Having considered Plaintiff's submissions, and having had the benefit of oral argument on October 29, 2026, the Court GRANTS the motion.

## BACKGROUND

This case arose from Defendants' fraudulent misappropriation of Plaintiff's funds. On February 26, 2025, the Court entered a final judgment in favor of Plaintiff and against Defendants Daniel Morris and Morris + D'Angelo, a general partnership, in the sum of $3,600,000.00 plus interest. (Dkt. No. 84.) On December 16, 2025, the Court granted Plaintiff's motion for summary judgment against Defendant D'Angelo, finding him liable for the judgment against Morris +

United States District Court
Northern District of California

United States District Court
Northern District of California

D'Angelo as if he were a partner of the general partnership. (Dkt. No. 99.) The Court subsequently entered a final judgment in favor of Plaintiff and against D'Angelo in the same amount. (Dkt. No. 100.) Since then, Plaintiff has sought to enforcement the judgment against D'Angelo. The judgment remains outstanding in the amount of over $4 million. (Dkt. No. 104 at 2, Dkt. No. 104-1 ¶ 9.)

Defendant Morris owns property at 15261 SE Anderson Road, Damascus, Oregon, 97089, with a value estimated at $1.6 million. (Dkt. No. 105-5 at 4.) On November 5, 2018, Morris executed a Deed of Trust that encumbered this property ("First Deed of Trust"), which was recorded on November 9, 2018, under Recording No. 2018-068579. (Dkt. No. 105-2.) On June 14, 2023, Morris executed a second deed of trust entitled "Deed of Trust with Assignment of Rents" to "Patrick J. Angelo, trustee of The Patrick and Virginia D'Angelo Revocable Living Trust dated November 1, 1993" as beneficiary ("Second Deed of Trust"). The Second Deed of Trust was recorded on July 10, 2023, under Recording No. 2023-024343. (Dkt. No. 105-4.)

On March 20, 2026, the First Deed of Trust was assigned to "Patrick J. D'Angelo, trustee of the Patrick and Virginia D'Angelo Revocable Living Trust dated November 1, 1993." This assignment was recorded on March 30, 2026. (Dkt. No. 105-6.) It assigned the Deed of Trust:

> Together with the note or notes therein described or referred to, the money due and to become due thereon, the rights and remedies of the undersigned under any loan agreement or other loan documents executed incident to said notes, any guaranties of said notes or the obligations secured by said Deed of Trust, and all rights accrued or to accrue under said Deed of Trust.

(*Id.* at 2.)

On or about April 7, 2026, Morris and D'Angelo executed a "Loan Modification Extension Agreement" referring to the recorded First Deed of Trust, confirming the outstanding balance was $700,000, and providing that monthly payments would be due starting in April 2026. (Dkt. No. 105-7.) On July 23, 2026, Dan Shaw, a business representative of D'Angelo informed Plaintiff's counsel that a loan modification was in progress, and they did not believe Morris would keep payments current and they would seek to foreclose on the property. (Dkt. No. 105-8.)

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 69, a money judgment is enforced by a writ of execution. Fed. R. Civ. P. 69(a)(1). The procedure on execution and in supplementary proceedings "must accord with the procedure of the state in which the court is located," except to the extent a federal statute applies. *Id.* Because no federal statute applies here, California law regarding enforcement of judgments governs.

California law provides: "Except as otherwise provided by law, all property of the judgment debtor is subject to enforcement of a money judgment." Cal. Code Civ. Proc. § 695.010(a). And while certain property of a judgment debtor is exempt from execution, neither ownership rights in a non-primary residence, such as a deed of trust on another person's property, nor the ownership of rights under a loan document, are exempt from execution. *See* Cal. Code Civ. Proc. § 704.010 *et seq*.

Upon a motion by the judgment creditor, a court "may order the judgment debtor to assign to the judgment creditor … all or part of a right to payment due or to become due," including repayment rights of a loan. Cal. Code Civ. Proc. § 708.510(a). A judgment debtor's interest as a beneficiary of a trust is also subject to enforcement of a money judgment upon petition by a judgment creditor. Cal. Code Civ. Proc. § 709.010.

Plaintiff now moves the Court for an order requiring D'Angelo to assign Plaintiff the First Deed of Trust and the Second Deed of Trust, along with any associated notes and loan documents, including the rights to receive payments under any associated notes and loans, as well as disclosure of all notes and loans documents associated that were not previously disclosed. (Dkt. No. 105 at 1-2.) When considering whether to issue an assignment order under § 708.510, a court may take into consideration "all relevant factors," including: "(1) [t]he reasonable requirements of the judgment debtor who is a natural person and of persons supported in whole or in part by the judgment debtor"; (2) [p]ayments the judgment debtor is required to make or that are deducted in satisfaction of other judgments and wage assignments, including earnings assignment orders for support"; (3) "[t]he amount remaining due on the money judgment"; and (4) "[t]he amount being or to be received in satisfaction of the right to payment that may be assigned." Cal. Cal. Code Civ.

Proc. § 708.510(c)(1)–(4); *Linley Inv. v. Jamgotchian*, No. 2:11-cv-00724-JAK-(AFMx), 2019 WL 1429507, at *3 (C.D. Cal. Feb. 25, 2019).

Plaintiff has made the requisite showing for issuance of an assignment order. First, Plaintiff successfully identifies the First Deed of Trust and the Second Deed of Trust on Morris's property as specific, legitimate assets of D'Angelo subject to execution, as they are both assigned to D'Angelo and are not otherwise exempted. *See* Cal. Code Civ. Proc. § 704.010 *et seq*. Because the deeds of trusts and the loans are inseparable, an assignment of one carries with it the assignment of the other. *See* Cal. Civ. Code. § 2936.

Furthermore, D'Angelo has not presented any evidence regarding his financial circumstances or how they may have changed since the Court's entry of judgment against him on December 17, 2025. D'Angelo has also failed to submit any evidence regarding his reasonable requirements or other payments he is obligated to make.

Finally, the amount due on the present money judgment is substantial. The original judgment in favor of Plaintiff was $3,600,000.00, with simple interest accruing at a rate of 4%. (Dkt. No. 100.) Petitioners represent the amount has increased to over $4,119,233.68 with interest, and it continues to grow. (Dkt. No. 104 at 2, Dkt. No. 104-1 ¶ 9.) Up until this point, Plaintiff has not been able to collect on the judgment from any of the judgment debtors. The judgment against D'Angelo has now been outstanding for more than ten months. Plaintiff alleges the First Deed of Trust and the Second Deed of Trust "currently represent the only known asset of any of the judgment debtors not exempt from collection that would pay a substantial portion of the judgment." (Dkt. No. 105 at 6.) If the First Deed of Trust and the Second Deed of Trust are assigned to Plaintiff, Plaintiff's judgment against D'Angelo will be at least partially satisfied. This is important given the significant economic harm Plaintiff has already incurred. Accordingly, the relevant factors all favor entry of the requested assignment order.

Plaintiff also asks the Court to restrain D'Angelo from assigning any rights or otherwise disposing of the Deeds of Trust and any rights under any associated loan. (Dkt. No. 105 at 6-7.) When an application for an assignment order is made pursuant to § 708.510, a judgment creditor may "apply to the court for an order restraining the judgment debtor from assigning or otherwise

United States District Court
Northern District of California

disposing of the right to payment that is sought to be assigned." Cal. Code Civ. Proc. § 708.520. The court may issue such an order "upon a showing of need for the order." Cal. Code Civ. Proc. § 708.520(b). "Courts have generally taken a fairly lenient view of the circumstances in which a restraining order is appropriate: 'Courts have issued restraining orders so that the assigned rights to payment might be available for satisfaction of the judgment.'" *Linley*, 2019 WL 1429507, at *4 (citations omitted). Thus, "[t]he threshold for showing need is 'low.'" *Id.*

Because this dispute arose from Defendants' fraudulent misappropriation of Plaintiff's assets and D'Angelo has failed to voluntarily satisfy the judgment against him, Plaintiff has demonstrated a legitimate risk of harm and a need for injunctive relief, and therefore a sufficient basis for a restraining order pursuant to California Code of Civil Procedure § 708.520. *See Linley*, 2019 WL 1429507, at *4-5; *UMG Recordings, Inc. v. BCD Music Grp., Inc.*, No. CV07-05808 SJO FFMX, 2009 WL 2213678, at *3 (C.D. Cal. July 9, 2009), *amended in part*, No. CV 07-05808 SJO (FFM, 2011 WL 798901 (C.D. Cal. Feb. 25, 2011), *aff'd*, 509 Fed. App'x 661 (9th Cir. 2013).

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion to enforce judgment by seeking assignment of deeds of trust and accompanying notes is GRANTED. Pursuant to Federal Rule of Civil Procedure 69 and California Codes of Civil Procedure §§ 708.510, 708.520, the Court orders the following relief:

(1) D'Angelo is ordered to execute, notarize, and return to Plaintiff the assignment proposed by Plaintiff, attached to this order as Exhibit A, within 21 days of the date of this order. Plaintiff or Plaintiff's counsel will arrange to have the relevant paperwork, along with a notary, sent to D'Angelo for his signature.

(2) D'Angelo is ordered to provide Plaintiff copies of all loans and notes that he has any right, title, or interest in as pertaining to the property 15261 SE Anderson Road, Damascus, OR 97089 within 21 days of the date of this order.

(3) D'Angelo is restrained from disposing, transferring, or otherwise encumbering any interest he holds in the property 15261 SE Anderson Road, Damascus, OR 97089.

(4) D'Angelo is ordered to turn over any funds he has received from Morris or anyone else pertaining to 15261 SE Anderson Road, Damascus, OR 97089 within 21 days of the date of this order.

Plaintiff's motion to file a supplemental brief (Dkt. No. 112) is GRANTED.

This Order disposes of Docket Nos. 105, 112.

**IT IS SO ORDERED.**

Dated: October 29, 2026

JACQUELINE SCOTT CORLEY
United States District Judge